UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

NORMA ALLEN HALL,

    Plaintiff,

vs.

ADULT LEISURE LIVING, INC.,
a Florida profit corporation, and
WILLIAM TRUSS, individually

    Defendants

_____/

# COMPLAINT

Plaintiff, NORMA ALLEN HALL, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendants, ADULT LEISURE LIVING, INC., a Florida not for profit corporation, (hereinafter "ADULT LEISURE LIVING") and WILLIAM TRUSS, individually (hereinafter "TRUSS") (collectively "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid overtime wages against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. All conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a home health aide (HHA). Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. ADULT LEISURE LIVING is registered as a Florida not-for-profit limited corporation. At all times material hereto, ADULT LEISURE LIVING was, and continues to be engaged in business in Florida, with a principal place of business in Miami, Florida.

7. ADULT LEISURE LIVING is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, ADULT LEISURE LIVING is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1) in that it has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

9. Specifically, Defendant ADULT LEISURE LIVING, was and continues to be an institution primarily engaged in the care of the sick, the aged, or the mentally ill who reside in the premises.

10. Although a non-profit, ADULT LEISURE LIVING at all material times provided services that included care of the sick, aged or mentally ill – which are ordinarily business activities

performed by ordinary business enterprises – and so ALLIED HEALTH is subject to the FLSA. See 29 C.F.R. §779.214; *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471U.S. 290 (1985).

11. Specifically, at all relevant times, Defendant ADULT LEISURE LIVING, employed Plaintiff and other home health aides to provide assisted living services at their principal location to the general public competing with well-known, for-profit enterprises that traditionally provide the same type of services.

12. Defendant ADULT LEISURE LIVING has been at all times material engaged in interstate commerce in the course of its provision of care of the sick, aged or mentally ill. Specifically ADULT LEISURE LIVING engaged in interstate commerce in the course of its use of syringes, and other medical supplies that were manufactured and/or assembled outside of the State of Florida and maintained with materials and supplies from outside of the State of Florida.

13. ADULT LEISURE LIVING, upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

14. Defendant TRUSS is a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendant, ADULT LEISURE LIVING.

15. Defendant TRUSS acted directly in the interest of his company, ADULT LEISURE LIVING. TRUSS controlled the manner in which Plaintiff performed her work and the pay she was to receive.

16. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

17. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## GENERAL ALLEGATIONS

18. Plaintiff was a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

19. Plaintiff began working for Defendants, in December 2013 as a home health aide and worked with the Defendants through on or about November 21, 2021. Plaintiff's jobs included, but were not limited to, bathing, feeding, assisting residents with day-to-day tasks, and providing medicine.

20. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay Plaintiff for all hours worked.

21. Specifically, throughout her employment, Plaintiff regularly worked over 40 hours in a workweek. However, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times the minimum wage rate for all hours worked in excess of forty (40) hours.

22. Based on the information currently available to Plaintiff, Plaintiff regularly worked an average of twelve (12) hours a day, six (6) days per week throughout her employment with the Defendants.

23. A review of some of the pay stubs in which Plaintiff has in her current possession, custody, and control reflect that Plaintiff worked exactly 40 hours every work week earning $9.71/hour through September 30, 2021, and $10.00/hour thereafter.

24. However, Plaintiff was not compensated at all for any of her hours over 40 in a work week during her entire employment.

25. Plaintiff was not exempt from the overtime provision of the Act, in that Plaintiff spent the majority of her workweek performing care services, including but not limited to assistance with activities of daily ling and medically related services.

26. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

27. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

28. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME
### against ADULT LEISURE LIVING, INC.

30. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

31. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating her for all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

32. Specifically, Plaintiff worked approximately 72 hours during each work week in which she was employed, but she was only paid for 40 hours by payroll check.

33. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that Plaintiff spent the majority of her workweek performing

care services, including but not limited to assistance with activities of daily ling and medically related services.

34. ADULT LEISURE LIVING has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

35. By reason of the said intentional, willful and unlawful acts of ADULT LEISURE LIVING , Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

36. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

37. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff demands judgment for:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME against WILLIAM TRUSS

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

39. Defendant TRUSS was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] in that TRUSS acted directly in the interest of Defendant ADULT LEISURE LIVING in relation to its employees including Plaintiff.

40. Specifically, TRUSS supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

41. TRUSS had operational control of the business and is thus jointly liable for Plaintiff's damages.

42. Defendant TRUSS willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff demands judgment for:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, NORMA ALLEN HALL demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: April 4, 2022						**PEREGONZA THE ATTORNEYS, PLLC**

        1414 NW 107th Ave,
        Suite 302
        Doral, FL 33172
        Tel. (786) 650-0202
        Fax. (786) 650-0200

        By: /s/ Nathaly Saavedra
        Nathaly Saavedra, Esq.
        Fla. Bar No. 118315
        Email: nathaly@peregonza.com

        By: /s/ Juan J. Perez
        Juan J. Perez, Esq.
        Fla. Bar No. 115784
        Email: juan@peregonza.com